JUDGE GARDEPHE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

NGC NETWORK ASIA, LLC,

               Petitioner,

vs.

PAC PACIFIC GROUP INTERNATIONAL, INC.,

               Respondent.

Civil Action No.

09 CIV 8684


RECEIVED
OCT 13 2009
U.S.D.C. S.D.N.Y.
CASHIERS

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S MOTION FOR CONFIRMATION OF
ARBITRATION AWARD

Matthew Solum (MS 1616)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-6460

*Counsel for Petitioner*

Petitioner NGC Network Asia LLC ("NGC Network Asia") hereby moves the United States District Court for the Southern District of New York for an Order pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm the arbitration award rendered by an arbitrator of the American Arbitration Association ("AAA") on October 1, 2009 (the "Arbitration Award"), against Respondent Pac Pacific Group International, Inc. ("PPGI"), and for entry of the Arbitration Award as a judgment of this Court. As required by 9 U.S.C. § 13, attached to the Declaration of Matthew Solum, Esq. dated October 13, 2009 filed herewith (the "Solum Decl."), are true and correct copies of the arbitration agreement, the appointment by the AAA of Robert C. O'Brien as arbitrator, and the Arbitration Award. No previous application has been made to confirm, modify, or correct the Arbitration Award.

## INTRODUCTION

In March 2007, PPGI filed a demand for arbitration with the AAA and sought to recover damages for breach of contract, fraudulent inducement, unjust enrichment, and associated causes of action from NGC Network Asia. (Solum Decl., Ex. A.) That arbitration proceeding was styled *Pac Pacific Group International, Inc. v. NGC Network Asia LLC*, AAA Case No. 50 181 T 00079 07 (the "Arbitration"). Consistent with the parties' arbitration agreement (described more fully below), the parties selected Chairman Robert O'Brien and Chairman O'Brien was appointed on June 24, 2008. (Solum Decl., Ex. B.) After a week-long hearing, Chairman O'Brien ruled in favor of NGC Network Asia and dismissed with prejudiced each and every one of PPGI's claims in an interim decision dated June 11, 2009 (the "Interim Decision"). (Solum Decl., Ex. C.) The parties agreed that the prevailing party shall be awarded attorneys' fees and costs (Solum Decl., Ex. D, at ¶ 19, at NG 00083) and, on October 1, 2009 Chairman O'Brien issued the Arbitration Award in favor of NGC Network Asia in the amount of

$972,362.09. (Solum Decl., Ex. E.) NGC Network Asia hereby seeks confirmation of the Arbitration Award.

## BACKGROUND

NGC Network Asia, PPGI, and others are signatories to a Memorandum of Understanding ("MOU"), dated October 2000 that terminated in October 2001. (Solum Decl., Ex. C, at 1-2.) The MOU provided that NGC Network Asia was to provide content for a program to be aired on China Central Television ("CCTV"). (*Id.*) PPGI and certain of its partners were involved in the negotiation of the MOU and were to receive a portion of the advertising revenue generated from the broadcast of NGC Network Asia's content on CCTV, if any. (*Id.*) The MOU was terminated in October 2001 by NGC Network Asia because no advertising had been sold. (*Id.*) Neither PPGI nor NGC Network Asia realized any revenue from the MOU. (*Id.*)

In March 2007, PPGI filed a "Notice of Intent to Arbitrate / Amended Claim" (the "Arbitration Demand") with the AAA. (Solum Decl., Ex. A.) The Arbitration Demand alleged that NGC Network Asia breached the MOU and the implied covenant of good faith and fair dealing by not ensuring that the representatives tasked with the sale of advertising (Star TV and Yuntu Advertising) were successful in that endeavor. (*Id.*, at ¶¶ 12-16, at 9-11.) Further, the Arbitration Demand alleged that NGC Network Asia fraudulently represented that it intended to sell advertising on the CCTV program and that Star TV and Yuntu Advertising were capable advertising representatives. (*Id.*, at ¶¶ 17-19, at 11-12.) The Arbitration Demand also set forth equitable claims for recession, *quantum meruit,* and unjust enrichment arising out of the same set of facts. (*Id.*, at ¶¶ 20-28, at 12-15.) The Arbitration Demand sought unspecified damages for

breach of contract and fraud, $2,000,000 in special damages, and an award of attorneys' fees. (*Id.*, at 15.)

On March 21, 2007, NGC Network Asia commenced an action to stay the arbitration in light of the fact that the Arbitration Demand was filed nearly six years after the MOU had terminated. (Solum Decl., Ex. F.) PPGI subsequently removed that action to this Court and filed a cross-petition to compel arbitration. (Solum Decl., Exs. G & H.) On July 31, 2007, this Court denied NGC Network Asia's petition to stay arbitration and granted PPGI's cross-motion to compel arbitration. (Solum Decl., Ex. I.) The parties spent significant time attempting to resolve the matter and, after it became apparent that an amicable resolution was not possible, attempted to agree on an arbitrator. The parties could not do so, however.

On May 8, 2008, the parties submitted a list with a "rank and strike" of arbitrator candidates provided by the AAA. The AAA was not able to appoint an arbitrator based on that rank and strike because the parties did not list any mutually-agreeable candidates. The AAA provided another list of candidates and the parties ultimately agreed upon Chairman O'Brien as the arbitrator. (*See* Solum Decl., at Ex. B.) Chairman O'Brien was appointed by the AAA on June 24, 2008. (*Id.*)[1]

After a period of discovery, preliminary motions and briefing, a week-long hearing was held in New York, New York commencing on March 30, 2009. (Solum Decl. Ex. C, at 5-6.) PPGI was permitted to present its witnesses in person, by teleconference, and in some cases by written witness statements "without limitation." (*Id.*) After taking the matter under

---

[1] After agreeing to Mr. O'Brien, PPGI objected to his appointment on the grounds that one of his colleagues from another office performed work on behalf of an affiliate of NGC Network Asia. The AAA confirmed Chairman O'Brien's appointment over PPGI's objection on July 17, 2008. (Solum Decl., Ex. J.) PPGI renewed its objection a number of times and the AAA confirmed Ms. O'Brien's appointment on August 29, 2008, September 4, 2008, March 23, 2009, and September 23, 2009. (Solum Decl., at ¶ 14, at 3 & Exs. K, M & N.)

advisement, Chairman O'Brien issued the reasoned Interim Decision on July 11, 2009, denying each and every one of PPGI's claims (*id.* at 11-20), and setting forth a schedule for further briefing on the issuance of an attorneys' fees and costs award in favor of NGC Network Asia because "[b]oth parties acknowledge that the MOU provides for an award of attorneys' fees and costs to the prevailing party in any dispute arising under the MOU"[2] and "NGC Network Asia is the prevailing party." (*Id.*, at 21.) On October 1, 2009, Chairman O'Brien issued the reasoned Arbitration Award granting NGC Network Asia $972,362.09 in attorneys' fees and costs. (Solum Decl, at Ex. E.) NGC Network Asia now moves the Court to confirm the Arbitration Award and issue it as a judgment of the Court.

## ARGUMENT

The Arbitration Agreement provides, in relevant part, that "[i]n . . . [the] arbitration, judgment on any award may be entered by any state, federal or foreign court having jurisdiction thereof." As the arbitration occurred in New York, New York pursuant to the express terms of the MOU and the parties' agreement, this Court is one of competent jurisdiction. *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and

---

[2] Paragraph 19 of the MOU provides that "In the event of a dispute concerning advertising and/or sponsorship for the Programs pursuant to this MOU, such a dispute will be resolved by arbitration in New York, New York . . . in accordance with the laws of the State of New York, New York, United States of America, and with the then existing rules for Commercial Arbitration of the American Arbitration Association . . . The prevailing Party(s) in either such arbitration shall recover its reasonable out-of-pocket costs and attorneys' fees from the losing Party(s)." (Solum Decl., Ex. D, at ¶ 19, at NG 00083)

thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.").

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." Accordingly, the Arbitration Award should be confirmed so that judgment may be entered. *See Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2nd Cir. 1987) (stating that a district court must grant a petition to confirm an arbitration award unless one of the grounds for vacating or modifying the award is established); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2nd Cir. 1984) (stating that confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."); *see also Irving R. Boody & Co. v. Win Holdings Int'l. Inc.*, 213 F. Supp. 2d 378, 380 (S.D.N.Y. 2002) ("[t]he confirmation of an arbitration award converts the final arbitration award into the judgment of the court."); *Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681 (1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitrate are enforced).

The standard of review of an arbitrator's decision by the court is narrow. The scope of review is limited, and the court may not examine the merits of the decision except to the extent that the award was procured by fraud, is in manifest disregard of the law or exceeds the agreement of the parties. *See Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 139-40 (2nd Cir. 2007); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2nd Cir. 2006) (*quoting Florasynth*, 750 F.2d at 176); *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins.*, 420 F. Supp. 2d 223 (S.D.N.Y. 2005).

5

Here, Chairman O'Brien considered all evidence that either party wished to submit, rejected each and every one of PPGI's claims, and issued a reasoned attorneys' fees and costs award in favor of NGC Network Asia after a consideration of the merits of the dispute as well as NGC Network Asia's fee petition and PPGI's opposition thereto. There are no grounds supporting vacatur, modification or correcting of the Arbitration Award as enumerated in 9 U.S.C. §§ 10-11, and PPGI has not made any motion in court to vacate, modify, or correct the Arbitration Award.

## CONCLUSION

For the foregoing reasons, NGC Network Asia respectfully requests that this Court confirm the Arbitration Award, enter it as a Judgment of this Court, and for such other and further relief as is just and appropriate.

Dated: October 13, 2009

Respectfully submitted,

Matthew Solum
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
Fax: 212-446-4900

*Counsel for NGC Network Asia, LLC*