UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NGC NETWORK ASIA, LLC, | : | |
| Petitioner, | : | C.A. No. 09-CV-08684 (PGG) (DCF) |
| | : | |
| vs. | : | |
| | : | |
| PAC PACIFIC GROUP INTERNATIONAL, INC., | : | |
| Respondent. | : | |

**PETITIONER NGC NETWORK ASIA LLC'S MEMORANDUM OF LAW IN
OPPOSITION TO RESPONDENT PAC PACIFIC GROUP INTERNATIONAL, INC.'S
MOTION TO DISMISS, TRANSFER OR STAY**

Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-6460

*Counsel for Petitioner*

# TABLE OF CONTENTS

**Page**

INTRODUCTION................................................................................................................1

STATEMENT OF FACTS.................................................................................................2

STANDARDS OF REVIEW.............................................................................................2

ARGUMENT......................................................................................................................3

I.   THE COURT HAS JURISDICTION AND VENUE IS APPROPRIATE...................3

    A.   The Court Has Subject Matter Jurisdiction Over This Proceeding.........................3
    B.   The Court Has Personal Jurisdiction Over PPGI and Venue Is
        Appropriate. ...........................................................................................................4

II.  THE PROCEEDING SHOULD NOT BE TRANSFERRED TO THE
    CENTRAL DISTRICT OF CALIFORNIA OR DISMISSED OR STAYED
    PENDING ADJUDICATION OF THE SECOND-FILED PROCEEDING................7

    A.   This Proceeding Should Not Be Transferred To The Central District of
        California. ...............................................................................................................7
    B.   This Proceeding Should Not Be Stayed Or Dismissed In Favor Of The
        Second-Filed Proceeding. ....................................................................................12

CONCLUSION ................................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*A. Olinick & Sons v. Dempster Bros., Inc.,*
  365 F.2d 439 (2d Cir. 1966)...................................................................................... 12

*Aerotel Ltd. v. Sprint Corp.,*
  100 F. Supp. 2d 189 (S.D.N.Y. 2000)...................................................................... 12

*Beatie & Osborn LLP v. Patriot Scientific Corp.,*
  431 F. Supp. 2d 367 (S.D.N.Y. 2006)........................................................................ 8

*Cent. Valley Typographical Union, No. 46 v. McClatchy Newspapers,*
  762 F.2d 741 (9th Cir. 1985) .................................................................................. 12

*Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,*
  529 U.S. 193 (2000)............................................................................................ 6, 13

*Crow Const. Co. v. Jeffrey M. Brown Assocs., Inc.,*
  No. 01 Civ. 3839, 2001 WL 1006721 (S.D.N.Y. Aug 31, 2001) ........................ 11, 13

*Doctor's Assocs., Inc. v. Stuart,*
  85 F.3d 975 (2d Cir. 1996)........................................................................................ 5

*Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont,*
  565 F.3d 56 (2d Cir. 2009)........................................................................................ 4

*Dwyer v. Gen. Motors Corp.,*
  853 F. Supp. 690 (S.D.N.Y. 1994) ........................................................................... 9

*Farberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd.,*
  No. 09 Civ. 2570, 2009 WL 1357956 (S.D.N.Y. May 14, 2009).................................. 11

*Herbert Ltd. P'ship v. Elec. Arts, Inc.,*
  325 F. Supp. 2d 282 (S.D.N.Y. 2004)........................................................................ 7

*Hunt v. Mobil Oil Corp.,*
  654 F. Supp. 1487 (S.D.N.Y. 1987).......................................................................... 10

*In re Magnetic Audiotape Antitrust Litig.,*
  334 F.3d 204 (2d Cir. 2003)...................................................................................... 2

*In re Matter of Arbitration between InterCarbon Bermuda, Ltd. and Caltex Trading and
  Transport,* 146 F.R.D. 64 (S.D.N.Y. 1993) ............................................................... 6

*Jacobs v. Patent Enforcement Fund, Inc.,*
  230 F.3d 565 (2d Cir. 2000)...................................................................................... 4

*Lucent Technologies, Inc. v. Tatung Co.*,
  No. 02 Civ. 8107, 2003 WL 402539 (S.D.N.Y. Feb. 20, 2003) ........................................ 6

*Marbueno Compania Naviera, S.A. v. Cayman Caribbean Carriers of Cayman Islands*,
  No. 81 Civ. 1003, 1984 WL 1112 (S.D.N.Y. March 22, 1984)............................................ 7

*Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.*,
  759 F.2d 1027 (2d Cir. 1985)............................................................................................ 10

*Matter of Andros Compania Maritima, S.A.*,
  579 F.2d 69 (2d Cir. 1978)................................................................................................... 9

*Matter of Lauritzen Kosan Tankers*,
  903 F. Supp. 635  (S.D.N.Y. 1995) ..................................................................................... 6

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*,
  553 F.2d 842 (2d Cir. 1977)................................................................................................. 5

*Moore v. PaineWebber, Inc.*,
  189 F.3d 165 (2d Cir. 1999)................................................................................................. 2

*Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*,
  804 F.2d 16 (2d Cir. 1986)....................................................................................... 6, 11, 12

*Novorossiysk Shipping Co. v. China Pac. Prop. Ins. Co., Ltd.*,
  No. 06 Civ. 2312, 2006 WL 3055964 (S.D.N.Y. April 17, 2006)...................................... 6

*Official Comm. of the Unsecured Creds. of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
  322 F.3d 147 (2d Cir. 2003)................................................................................................. 3

*Phillips v. Audio Active Ltd.*,
  494 F.3d 378 (2d Cir. 2007)................................................................................................. 2

*Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*,
  23 F.3d 41 (2d Cir. 1994)..................................................................................................... 4

*Reed & Martin, Inc. v. Westinghouse Elec. Corp.*,
  439 F.2d 1268 (2d Cir. 1971)............................................................................................... 6

*Rimac Internacional Cia De Seguros Y Reaseguros, S.A. v. Exel Global Logistics, Inc.*,
  No. 08 Civ. 3915, 2009 WL 1868580 (S.D.N.Y. June 29, 2009)................................... 2, 8

*Saccoccio v. Relin, Goldstein & Crane, LLP*,
  No. 06 Civ. 14351, 2007 WL 1334970 (S.D.N.Y. May 7, 2007).................................. 2, 8

*Smiga v. Dean Witter Reynolds, Inc.*,
  766 F.2d 698 (2d Cir. 1985)................................................................................................. 7

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009).................................................................................. 2

*Todd Shipyards Corp. v. Cunard Line, Ltd.*,
    943 F.2d 1056 (9th Cir. 1991) .......................................................................... 13

*U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*,
    188 F. Supp. 2d 358 (S.D.N.Y. 2002)................................................................ 9

*Warrick v. Gen. Elec. Co.*,
    70 F.3d 736 (2d Cir. 1995)................................................................................ 12

*Zaitsev v. State Farm Fire & Cas. Co.*,
    No. 05-CV-2098, 2005 WL 30883264 (E.D.N.Y. Nov. 17, 2005) ................... 12

## Statutes

28 U.S.C. § 1332 ........................................................................................................ 3

28 U.S.C. § 1391 .................................................................................................. 6, 13

28 U.S.C. § 1404 ................................................................................................... 2, 7

9 U.S.C. § 6 ................................................................................................................ 4

9 U.S.C. § 9 ......................................................................................................... 5, 12

Fed. R. Civ. P. 12 ...................................................................................................... 2

Fed. R. Civ. P. 8 ........................................................................................................ 4

**INTRODUCTION**

After discovery and a full and fair arbitration hearing in New York, New York, each and every one of the claims of Pac Pacific Group International, Inc. ("PPGI") was dismissed with prejudice and NGC Network Asia LLC ("NGC Network Asia") was awarded attorneys' fees in accordance with the parties' contract (the "Award").  NGC Network Asia then commenced this proceeding and moved to confirm the Award, contemporaneously serving PPGI and its counsel.  Approximately two weeks after this case was filed, PPGI commenced a separate proceeding in the United States District Court for the Central District of California (the "Second-Filed Proceeding"), seeking to vacate the Award.  (*See* Exhibit ("Ex.") A hereto (Motion to Vacate Arbitration Award, etc., *Pac Pacific Group International, Inc. v. NGC Network Asia,* No. 09-CV-07878 (C.D. Cal.), filed October 28, 2009 ("PPGI Motion to Vacate").)

PPGI has now moved this Court to dismiss this proceeding for lack of personal jurisdiction and subject matter jurisdiction or, in the alternative, to transfer this proceeding to the Central District of California, notwithstanding the fact that:  (a) this New York proceeding was first filed; (b) the parties agreed that New York law would apply to their dispute; (c) the agreement between the parties (the "Memorandum of Understanding" or "MOU") required that the parties arbitrate their disputes in New York, New York; (d) the arbitration between the parties did, in fact, occur in this district; (e) there was no performance under the MOU in California; (f) the witnesses with the most relevant information concerning PPGI's request that the Award be vacated are located within this district; and (g) a prior dispute related to the MOU was already heard in the United States District Court for the Southern District of New York without objection by PPGI.

Not only has PPGI ignored the relevant and dispositive facts, PPGI has also failed to present any legal authority for its position.  Accordingly, its motion should be denied.

## STATEMENT OF FACTS

The Court is referred to NGC Network Asia's Memorandum of Law in Support of Motion to Confirm Arbitral Award in this proceeding, filed October 13, 2009 (Docket No. 3) for a recitation of the relevant facts.

## STANDARDS OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court should "take all well-pled factual allegations as true and draw all reasonable inferences in the [petitioner's] favor to decide whether the [petitioner] has pled a plausible claim for relief." *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 67 (2d Cir. 2009); *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999) ("[T]he standards for dismissal under 12(b)(6) and 12(b)(1) are identical.")

To successfully oppose a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), a party need only make a prima facie showing that the exercise of jurisdiction is proper. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). Jurisdiction may be established on the basis of allegations alone, and all averments of jurisdictional facts are accepted as true. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).

A party seeking a transfer under 28 U.S.C. § 1404(a) must make a "clear and convincing showing" that it is entitled to such relief. *Rimac Internacional Cia De Seguros Y Reaseguros, S.A. v. Exel Global Logistics, Inc.,* No. 08 Civ. 3915, 2009 WL 1868580, at *5 (S.D.N.Y. June 29, 2009), *quoting Saccoccio v. Relin, Goldstein & Crane, LLP,* No. 06 Civ. 14351, 2007 WL 1334970, at *1 (S.D.N.Y. May 7, 2007).

2

**ARGUMENT**

I.     **THE COURT HAS JURISDICTION AND VENUE IS APPROPRIATE**

    A.     **The Court Has Subject Matter Jurisdiction Over This Proceeding.**

        PPGI's motion to dismiss for lack of subject matter jurisdiction should be denied because the Court has diversity jurisdiction.  As PPGI indicated in its moving papers in the Second-Filed Proceeding "there is complete diversity of citizenship between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy, so this Court has jurisdiction under 28 U.S.C. section 1332(a)(1)."  (Ex. A. (PPGI Motion to Vacate), at 2.)  NGC Network Asia is a Delaware limited liability company with its principal place of business in Hong Kong and PPGI is a California corporation with its principal place of business in California.  (*See* Ex. B hereto (Declaration of Matthew Solum, Esq., dated November 16, 2009).) The amount in controversy exceeds $75,000, exclusive of interest and costs, thus providing the Court with jurisdiction under 28 U.S.C. § 1332.  (*Id.*)  In fact, PPGI is estopped from arguing to the contrary given its invocation of diversity jurisdiction in the Second-Filed Proceeding.  *See Official Comm. of the Unsecured Creds. of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003) (allegations in complaint are judicial admissions by which pleading party is bound).[1]

---

[1]  PPGI also alleged in a notice of removal dated April 9, 2007, that diversity jurisdiction existed between the parties.  (*See* Declaration of Matthew Solum, Esq., at Ex. G ("Notice of Removal of Civil Action"), NGC Network Asia Motion to Confirm Arbitral Award, filed October 13, 2009 (Docket No. 4), at 4.)  There, PPGI alleged that "[t]his action is between citizens of different states.  Petitioner is now, and was when it filed the Supreme Court Action, a citizen of Delaware with its principal place of business in Hong Kong, China. [Petition, at para 2.]  Respondent is now, and was when petitioner filed the Supreme Court Action, a citizen of California, with its principal place of business in California [Petition, para 3]."  (*Id.*)

PPGI's argument seems to be that the requirement of Fed. R. Civ. P. 8 regarding the content of a complaint, including a jurisdictional statement, should be applied to confirmation motions brought under the Federal Arbitration Act (the "FAA").   (*See* PPGI Motion to Dismiss, Transfer or Stay, at 3-4.)   Section 6 of the FAA, however, provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6.   This statute provides that an application to confirm an award should not adhere to the procedural requirements of Fed. R. Civ. P. 8.  *See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.,* 23 F.3d 41, 46 (2d Cir. 1994), *citing O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.,* 857 F.2d 742, 748 (11th Cir. 1988)  (Fed. R. Civ. P. 8 not applicable to motions brought under the FAA).

PPGI's motion to dismiss for lack of subject matter jurisdiction should be denied regardless.   The existence of diversity jurisdiction is not dependent on jurisdictional allegations contained in a pleading.  *Jacobs v. Patent Enforcement Fund, Inc.,* 230 F.3d 565, 567-68 (2d Cir. 2000) ("[T]he actual existence of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with the[] procedural requirement[ to plead jurisdiction].")   Rather, where a complaint fails to allege subject matter jurisdiction and "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties . . . [the court may] deem the pleadings amended so as to properly allege diversity jurisdiction."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont,* 565 F.3d 56, 64 (2d Cir. 2009) (citations omitted).

**B.**     **The Court Has Personal Jurisdiction Over PPGI and Venue Is Appropriate.**

The parties are subject to the Court's jurisdiction and venue is appropriate for two independent reasons.

First, the Court has personal jurisdiction over PPGI and venue is appropriate because the arbitration agreement between the parties provided for arbitration within this district. An "agreement to resolve disputes by arbitration in New York constitute[s] consent to personal jurisdiction in New York." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos,* 553 F.2d 842, 845 (2d Cir. 1977). Further, "[a] party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction." *Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir. 1996), *citing Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S.A.,* 243 F.2d 342, 346 (2d Cir. 1957). PPGI voluntarily signed the MOU between the parties calling for New York arbitration and, in fact, took advantage of the MOU's arbitration provision by commencing the arbitration that lead to the instant proceeding. (*See* Declaration of Matthew Solum, Esq., at Ex. C ("Partial Award of the Arbitrator"), NGC Network Asia Motion to Confirm Arbitral Award, filed October 13, 2009 (Docket No. 4) ("Interim Award"), at 3 & 5 (citation omitted).) Because PPGI agreed to arbitrate any dispute with NGC Network Asia in New York, New York, the Court has personal jurisdiction over the parties and venue is appropriate.

Second, the Court has personal jurisdiction over PPGI and venue is appropriate because the instant proceeding seeks to confirm an arbitral award made within this district. Section 9 of the FAA provides that the district court obtains jurisdiction over the parties to an arbitral award "made" within the district upon service of an application for confirmation of such arbitral award. *See* 9 U.S.C. § 9 ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.") In addition to providing personal jurisdiction, this provision of the FAA provides a "supplement" to the general venue rules provided by 28 U.S.C. § 1391. *Cortez*

5

*Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193, 199-204 (2000); *see also* 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought. . . .").   An arbitral award is "made" for purposes of the FAA in the district where the arbitration hearing is held, without regard to where the arbitrator happened to mail or sign the arbitral award.   *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.,* 804 F.2d 16, 18 (2d Cir. 1986) ("Unless the courts recognize a clear rule about laying venue where the arbitration is held, venue would be left simply to the serendipity of the arbitrator's choice of the place where he will sign and mail his decision.").   Here, in the words of the arbitrator, Chairman Robert C. O'Brien ("Chairman O'Brien"), "[t]he Arbitration Hearing commenced in New York, New York in March 30, 2009, and in-person testimony and argument took place over a four-day period." (Interim Award, at 5.) Because the arbitration hearing occurred within this district, the Court has jurisdiction over the parties and venue is proper.[2]

---

[2]   PPGI also seems to contest personal jurisdiction on the grounds that the method of service of the Motion to Confirm Arbitration Award was improper.   That argument fails.   The papers were personally served on PPGI's CEO, Registered Agent, and co-principal shareholder, Alie Chang, by a disinterested party the day after this proceeding's commencement.   (*See* Affidavit of Service (Docket No. 5).)   That service was sufficient to meet the requirements of the Federal Rules of Civil Procedure and the FAA.   *See, e.g., Matter of Lauritzen Kosan Tankers,* 903 F. Supp. 635, 637 (S.D.N.Y. 1995), *citing Reed & Martin, Inc. v. Westinghouse Elec. Corp.,* 439 F.2d 1268, 1277 (2d Cir. 1971) ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service. . . . "); *see also In re Matter of Arbitration between InterCarbon Bermuda, Ltd. and Caltex Trading and Transport,* 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993).   Service by any non-party has always been acceptable where the court already had personal jurisdiction as a consequence of an arbitration agreement providing for arbitration within the district. *See, e.g., Novorossiysk Shipping Co. v. China Pac. Prop. Ins. Co., Ltd.,* No. 06 Civ. 2312, 2006 WL 3055964, at *2 (S.D.N.Y. April 17, 2006); *Lucent Technologies, Inc. v. Tatung Co.,* No. 02 Civ. 8107, 2003 WL 402539, at *1 (S.D.N.Y. Feb. 20, 2003); *Marbueno Compania Naviera, S.A. v. Cayman Caribbean Carriers of Cayman*
(Continued...)

6

## II. THE PROCEEDING SHOULD NOT BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA OR DISMISSED OR STAYED PENDING ADJUDICATION OF THE SECOND-FILED PROCEEDING

### A. <u>This Proceeding Should Not Be Transferred To The Central District of California.</u>

PPGI's request to transfer this matter to the Central District of California should be denied because it is not a superior venue than the Southern District of New York. Courts in the Second Circuit consider the following non-exclusive factors in evaluating a transfer motion brought pursuant to 28 U.S.C. § 1404(a): (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice. *See, e.g., Herbert Ltd. P'ship v. Elec. Arts, Inc.,* 325 F. Supp. 2d 282, 285-86 (S.D.N.Y. 2004) (citations omitted). A party seeking a change in venue under 28 U.S.C. § 1404(a) is required to make a "clear and convincing showing" that these factors support its transfer. *Rimac Internacional Cia De Seguros Y Reaseguros, S.A. v. Exel Global Logistics, Inc.,* No. 08 Civ. 3915, 2009 WL 1868580, at *5 (S.D.N.Y. June 29,

---

*Islands,* No. 81 Civ. 1003, 1984 WL 1112 (S.D.N.Y. March 22, 1984). PPGI's suggestion that service by marshal is required is simply without merit. That is particularly true where, as here, the defendant previously availed itself to the Court by moving to compel or stay arbitration. *See Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 707 (2d Cir. 1985) (respondent's prior action to stay arbitration constituted waiver of service by marshal). Nevertheless, in the interest of avoiding litigation over this issue, NGC Network Asia has provided the United States Marshal for the Central District of California with a copy of NGC Network Asia's moving papers for service on the Respondent.

2009), *quoting Saccoccio v. Relin, Goldstein & Crane, LLP,* No. 06 Civ. 14351, 2007 WL 1334970, at *1 (S.D.N.Y. May 7, 2007).  PPGI cannot make such a showing.

PPGI makes unsupported, conclusory or inaccurate assertions regarding only a few of the factors.

First, PPGI asserts that "the Plaintiff is a resident of [the Central District of California]."  (PPGI Motion to Dismiss, Transfer or Stay, at 5.)  This assertion is presumably offered to address "the convenience of witnesses" (factor one), "the convenience of parties" (factor two), and "the location of relevant documents and the relative ease of access to sources of proof" (factor three).  In fact, PPGI's CEO, Alie Chang, was the sole PPGI fact witness who testified at the arbitration (*see* Interim Award, at 6), and it is unclear why her testimony would be germane to the two grounds to vacate the Award that PPGI has identified in the Second-Filed Proceeding:  (1) the Award manifestly disregarded New York law with respect to the implied covenant of good faith and fair dealing, and (2) Chairman O'Brien insufficiently disclosed his law firm's relationship with one of NGC Network Asia's indirect minority shareholders (Ex. A. (PPGI Motion to Vacate), at 6).  Further, there are no issues concerning the location of evidence regarding the underlying dispute because the parties engaged in an extensive discovery process during the arbitration.  (*See* Interim Award, at 4 ("PPGI did not move to compel any [further] discovery from NGC Network Asia . . . Neither party . . . requested . . . any subpoena . . . to any non-party.").

Nor does PPGI's preference for litigation in California support a transfer for the "convenience of the parties" (factor two).  "A transfer should not merely shift the burden of inconvenience from one party to the other."  *Beatie & Osborn LLP v. Patriot Scientific Corp.,* 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006), *quoting Dwyer v. Gen. Motors Corp.,* 853 F. Supp.

690, 693 (S.D.N.Y. 1994).   Here, after already having retained counsel in New York, submitted its Motion to Confirm Arbitral Award, and filed its opposition to the instant motion, NGC Network Asia would be required to start anew in the Central District of California in the event that PPGI's motion was granted.   This is not an unsubstantial burden given the summary nature of a motion to confirm or vacate an arbitral award.  *See U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 188 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) ("[T]he FAA and [Fed. R. Civ. P.] do not contemplate full-blown litigation for the purposes of contesting an arbitration award with which a party may disagree.").   PPGI's preference for litigating this matter in the district of its residence, supported by nothing more, does not support transferring this proceeding.

Second, PPGI asserts that "the arbitrator is a resident of California."   (PPGI Motion to Dismiss, Transfer or Stay, at 5.)  This assertion is presumably offered to address the "convenience of the witnesses" (factor one) and the "location of relevant documents and the relative ease of access to sources of proof" (factor three).   Each of the five decisions to affirm or reaffirm Chairman O'Brien's appointment, however, was made by personnel at an American Arbitration Association ("AAA") office in Manhattan.   (*See* Declaration of Matthew Solum, Esq., at Exs. B & L, NGC Network Asia Motion to Confirm Arbitral Award, filed October 13, 2009 (Docket No. 4).)  Further, it is extraordinarily improbable that Chairman O'Brien would be subject to discovery concerning the Award or Arent Fox (the law firm where he is employed) client relationships. *See Matter of Andros Compania Maritima, S.A.,* 579 F.2d 691, 702 (2d Cir. 1978) (depositions of arbitrator alleged of bias "limited to situations where clear evidence of impropriety has been presented.").

The strong (and well-reasoned) presumption against allowing disaffected arbitration participants to depose their arbitrator is particularly relevant here where the moving

9

party lacks evidence supporting its allegations.  "[R]epetitive and perjorative charges of partiality and fraudulent and corrupt conduct levelled at [an] arbitrator[] . . . lacking factual support . . . do[] not warrant granting [a] motion for the taking of depositions of [an] arbitrator[] or for an evidentiary hearing." *Hunt v. Mobil Oil Corp.,* 654 F. Supp. 1487, 1495 (S.D.N.Y. 1987); *see also Kruse v. Sands Bros. & Co., Ltd.,* 226 F. Supp. 2d 484, 486-87 (S.D.N.Y. 2002) (notice pleading not acceptable in action to vacate arbitral award; movant has no inherent right to discovery and respondent is under no obligation to disprove movant's unsupported legal or factual contentions).   Neither in the instant proceeding nor the Second-Filed Proceeding has PPGI offered *any proof whatsoever* supporting its sole allegation that could even colorably support granting discovery:  that Chairman O'Brien did not sufficiently disclose Arent Fox's relationship with one of NGC Network Asia's indirect minority shareholders.  (*See* PPGI Motion to Dismiss, Stay or Transfer, at 9 & Ex. A (PPGI Motion to Vacate), at 5-6.)  Accordingly, Chairman O'Brien's residence in the Central District of California does not support transfer to that district.

PPGI also fails to address the remainder of the factors.

First, PPGI fails to address "the locus of the operative facts" (factor four) and "judicial economy and the interests of justice" (factor nine).  "[T]ransferring an action under 28 U.S.C. § 1404(a), or dismissing it on the ground of forum non conveniens . . . is usually against the interests of justice when a petition to compel arbitration is brought in the same forum in which the parties have agreed to arbitrate." *Maria Victoria Naviera, S.A. v. Cementos Del Valle, S.A.,* 759 F.2d 1027, 1031 (2d Cir. 1985) (citations omitted).  Further, "[t]he locus of operative facts in an action brought pursuant to the FAA is the site where the arbitration took place." *Crow Const. Co. v. Jeffrey M. Brown Assocs., Inc.,* No. 01 Civ. 3839, 2001 WL 1006721, at *3

(S.D.N.Y. Aug 31, 2001). "The arbitrators' actions are considered to have occurred where the arbitration was held, even if the arbitrators also acted elsewhere in connection with the arbitration." *Id.*, *citing Motion Picture,* 804 F.2d at 18. Here, the "Arbitration Hearing occurred in New York, New York . . . . " pursuant to the parties arbitration agreement providing that disputes "will be resolved by arbitration in New York, New York." (Interim Award, at 5 & 7.) These factors weigh against transferring the instant proceeding.

Second, PPGI ignores "the availability of process to compel the attendance of unwilling witnesses" (factor five). "[A]lthough it is true . . . that this Court lacks authority to compel testimony from its California witnesses who are unwilling to testify . . . [movant] has failed to produce any affidavits or other support to indicate that any of its anticipated witnesses are, in fact, unwilling to testify." *Farberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd.,* No. 09 Civ. 2570, 2009 WL 1357956, at *2 (S.D.N.Y. May 14, 2009). PPGI has failed to offer any evidence suggesting that, in the unlikely event it were ordered, Chairman O'Brien would refuse to offer testimony within this district. Nor does PPGI offer any evidence to suggest that the AAA personnel in Manhattan who actually made the decision to affirm and (repeatedly) reaffirm Chairman O'Brien's appointment could be compelled to testify in the Central District of California. Finally, PPGI's allegations regarding bias relate to the institutional relationships between Arent Fox and one of NGC Network Asia's indirect minority shareholders. (Ex. A. (PPGI Motion to Vacate), at 5-9.) As the arbitration hearing was held at an Arent Fox office within this district, there is no question that Arent Fox is subject to the Court's jurisdiction. (*See* Interim Award, at 5-6.) In sum, this factor does not favor transfer.

Third, PPGI ignores "the comparative familiarity of each district with the governing law" (factor seven). Where an agreement contains a choice of law provision, this

11

factor favors venue in a district within that jurisdiction.  *See Zaitsev v. State Farm Fire & Cas. Co.*, No. 05-CV-2098, 2005 WL 3088326, at *4 (E.D.N.Y. Nov. 17, 2005).  The MOU between the parties contains an arbitration agreement which provides that disputes between the parties will be resolved "in accordance with the laws of the State of New York."  (Interim Award, at 7 (citation omitted).)  This factor weighs against transferring the instant proceeding.

Finally, and perhaps most importantly, PPGI ignores "the weight accorded to plaintiff's choice of forum" (factor eight).  A plaintiff's decision to file within a particular forum is entitled to great weight.  *Warrick v. Gen. Elec. Co.*, 70 F.3d 736, 741 (2d Cir. 1995) ("A plaintiff's choice of forum is generally entitled to substantial consideration"), *quoting A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 444 (2d Cir. 1966); *see also Aerotel Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (citations omitted).  NGC Network Asia reasonably chose to commence the instant proceeding within this district so this factor weighs against transferring the instant proceeding.

**B.    This Proceeding Should Not Be Stayed Or Dismissed In Favor Of The Second-Filed Proceeding.**

In the alternative, PPGI asks that the Court stay this proceeding pending adjudication of the Second-Filed Proceeding or dismiss it outright.  (PPGI Motion to Dismiss, Transfer or Stay, at 2.)  The Central District of California, however, is not an appropriate venue for the Second-Filed Proceeding.  While 9 U.S.C. § 9 provides that venue is appropriate in the place where the parties agreed to arbitrate and the place where the arbitration occurred, it does not provide venue in whatever district the arbitrator happened to sign the arbitral award.  *Motion Picture Lab. Technicians*, 804 F.2d at 18; *see also Cent. Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 744 (9th Cir. 1985) ("The residence of the arbitrator, or

the location at which he drafts the decision, or the place from which the decision is mailed cannot be determinative of venue."), *abrogated on other grounds by Cortez,* 593 U.S. at 193. The primary basis upon which PPGI alleges venue in the Central District of California is the fortuity of Chairman O'Brien signing the Interim Award and Award within that district.  (Ex. A. (PPGI Motion to Vacate), at 2.)

Nor does the alternative basis for venue cited by PPGI in the Second-Filed Proceeding, 28 U.S.C. § 1391(a) (venue appropriate where "substantial a part of the events or omissions giving rise to the claim occurred"), support venue in the Central District of California. When determining the appropriate venue for the adjudication of a motion to confirm or vacate under the FAA, courts consider the arbitration and the award rather than conducting an evaluation of the underlying events. *Crow Const. Co.,* 2001 WL 1006721, at *3 ("The locus of operative facts in an action brought pursuant to the FAA is the site where the arbitration took place.") *see also Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1059 (9th Cir. 1991).  Further, as noted *supra,* the MOU concerned the broadcast of Hong Kong-based NGC Network Asia's content on a Chinese television network and no representative from NGC Network Asia set foot in California at any point during the relevant time period.  (*See* Interim Award, at 1-2 & 15.)  Regardless of the test applied, there would be no grounds to find venue for the Second-Filed Proceeding in the Central District of California under either the FAA or 28 U.S.C. § 1391(a).

## CONCLUSION

For the foregoing reasons, NGC Network Asia respectfully requests that the Court deny

Respondent's Motion to Dismiss, Transfer or Stay in its entirety.

Dated: November 16, 2009

Respectfully submitted,

Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel:  212-446-4800
Fax:  212-446-4900

*Counsel for NGC Network Asia, LLC*

14