1  JOHN F. L. HEBB (CA SBN 108391)
2  LAW OFFICES OF JOHN F. L. HEBB
   Santa Monica, California
3  Mail: P.O. BOX 555
   TOPANGA, CA  90290-0555
4  TEL: 310/455-0070, FAX:  310/496-0456
   *JOHNFLHEBB@aol.com*
5  SDNY, Pro Hac Vice
6
   Attorneys for Respondent
7  [Plaintiff in Arbitration]
   PAC PACIFIC GROUP INT'L,
8  INC. ("PPGI")
9
              UNITED STATES DISTRICT COURT
10             SOUTHERN DISTRICT OF NEW YORK
11

12 NGC NETWORK ASIA, LLC            SDNY No. <u>09 CIV 8684</u>
   ["NGCA" or "NG"],
13                                  [CACD No. CV 07878 (GHK)]
                                    [Amer. Arb'n Assn.  No. 50 181 T 00079 07]
14               Petitioner,
15 vs.
   PAC PACIFIC GROUP INT'L, INC. OF
16 USA ["PPGI"],                    PPGI'S <u>REPLY</u> TO OPPOSITION
                                    TO MOTION TO TRANSFER,
17               Respondent.        STAY OR DISMISS
   ==========================       NGCA'S PETITION TO CONFIRM
18 AMERICAN ARBITRATION             ARBITRATION AWARD
   ASSOCIATION
19 *ARBITRATION IN THE MATTER OF:*
                                    [FRCP 12(b)(3); 28 USC 1404(a); FRCP
20 PAC PACIFIC GROUP INT'L, INC.    12(b)(1),(2); 9 USC Secs. 10, 12; inter
21 ["PPGI"],         **Plaintiff**  alia]
22 vs.
23 NGC NETWORK ASIA, LLC
   ["NGCA"],         **Defendant**
24
25
26
27
28

PPGI'S <u>REPLY</u> TO OPPO'N TO MT. TO TRANSFER, STAY OR DISMISS NGCA'S PET'N TO CONFIRM ARB. AWARD     1
[FRCP 12(b)(3), INTER AL.]

1  *Prefatory alert re service of process issues:*

2

3  *NG's opposition refers to issues of service. To the extent it may bear on the court's analysis of the*
4  *issues at hand, PPGI's summary of these service issues, and the underlying factual realities of the*
5  *service issues, is that NG has not yet effectively served its motion to confirm the arbitration award*
6  *consistent with the clear requirements of FAA section      [its reliance on cases for its claim to be*
7  *excepted from those straightforward requirements, are, like its claimed venue exceptions*
8  *described in the main text below, premised on totally non-germane situations involving a <u>foreign</u>*
9  *party in an international arbitration under FAA Chapters 2 and 3, not present in our case.]*

10  *The accompanying Declaration of PPGI's Alie Chang shows that PPGI has not been*
11  *served by any even arguably effective service, much less the FAA required service by US marshal.*
12  *[It will be noted in NG's opposition papers that, while NG disputes any need for it to comply with*
13  *the plain wording of the FAA requirements for service by a marshal, NG insists that PPGI must*
14  *stringently comply with all service requirements -- and declines to cooperatively accept such*
15  *service for purposes of expediting resolution of all issues.]*

16  *By contrast, PPGI has effected the FAA-required service by US marshal in Delaware on the*
17  *Delaware corporation defendant NG, after NG's registered agent for service of process initially*
18  *improperly refused the US marshal's service -- and PPGI's counsel subsequently secured the*
19  *written acceptance of the marshal's service by that registered agent for service of process.*
20  *Exhibit A to the accompanying Declaration of John F.L. Hebb, Esq.*

21  *Due to the initial refusal of NG's registered agent, the motion to vacate discovery-request*
22  *hearing originally planned for 12/14/09 was not able to be retained, and PPGI's further papers*
23  *will specify 1/25/10 as the hearing in the U.S. District Court For Central California – subject of*
24  *course to any scheduling necessary to accommodate the ruling in the present case, and otherwise*
25  *to permit a fair and orderly determination of all issues.*

26

27

28

### Highlights of Relief Sought

1. PPGI asks pursuant to FRCP 12(b)(3) and/or 28 USC 1404(a) that NGCA's petition in this Court to confirm the arbitration award in question be transferred to the U.S. District Court for Central California so that it may be consolidated with PPGI's pending petition to vacate that arbitration award [CACD No. CV 07878 (GHK)]*, or that NGCA's petition to confirm be stayed pending final resolution of PPGI's pending petition to vacate that arbitration award.

> * In CACD No. CV 07878 (GHK), there is also pending PPGI's request for an order staying any enforcement proceedings on the award until final resolution of PPGI's petition in that Court to vacate the arbitration award.

2. As indicated below, NGCA's present petition in the Southern District of New York should be dismissed or transferred for improper venue, or transferred in the interests of justice for inconvenient forum, and, independently, dismissed for lack of subject matter jurisdiction and for lack of personal jurisdiction.

3. Rather than having NGCA's petition dismissed for any of this motion's bases, PPGI asks simply that the Court first consider the bases for transfer or stay, in view of the fact that

(1) venue is proper in the U.S. District Court for Central California for PPGI's pending motion to vacate, and

(2) a ruling on whether the arbitration award is to be vacated must necessarily precede any confirmation.

4. Further, as PPGI would have no basis for contesting confirmation if its motion to vacate were to be finally denied, PPGI hereby agrees it would stipulate to confirmation in such event. Thus, at the very least, the present matter should be stayed if it is for any reason not transferred, because, in the interests of judicial economy and the parties avoiding needless litigation, PPGI would, on the lifting of any stay after any final denial of its motion to vacate, not thereafter on any basis contest confirmation.

5. It is also noted that for any subsequent judgment collection purposes PPGI is a California corporation, with its principal place of business in California, and doing no business in New York, and so establishing and enforcing a judgment against PPGI would need be accomplished in California by NG in any event.

# MEMORANDUM OF LAW

PPGI'S REPLY TO OPPO'N TO MT. TO TRANSFER, STAY OR DISMISS NGCA'S PET'N TO CONFIRM ARB. AWARD [FRCP 12(b)(3), INTER AL.]

4

## Overview I:

## U.S. Supreme Court 2000 decision in <u>Cortez</u>::

## Distinction between An Arbitration Testimonial-Hearing Forum Selection

## and

## Venue for *Post*-Arbitration Enforcement

PPGI, as a California corporation, and doing business in California and China, entered an agreement with NG in California, to be performed in California and China. PPGI has no presence, property or business in New York. Nevertheless, PPGI signed the agreement with a provision, drafted by attorneys for NG and a third party ICM, calling for arbitration in New York in the event of a dispute in the United States, reasoning that such was a compromise location convenient for any witnesses from China. This is consistent with the unanimous U.S. Supreme Court 2000 decision in <u>Cortez</u>, *involving a contract to be performed in Mississippi, and an arbitration conducted and an award made in Alabama*:

> "Although the location of the arbitration may well be the residence of one of the parties, or have some other connection to a contract at issue, **in many cases the site will have no relation whatsoever to the parties or the dispute. The parties may be willing to arbitrate in an inconvenient forum**, say, for the convenience of the arbitrators, or to get a panel with special knowledge or experience, or as part of some compromise, **but they might well be less willing to pick such a location if any future court proceedings had to be held there**. Flexibility to make such practical choices, then, could well be inhibited by a venue rule mandating the same **inconvenient venue** if someone later sought to vacate or modify the award."

<u>Cortez</u>, at 201 (emphasis added).

Because at the entrance into the contract there were not expected to be, and are not now, any relevant witnesses from China in either the pending post-arbitration vacation and confirmation proceedings, the compromise New York venue for the arbitration's testimonial hearing should have no bearing on these post-arbitration enforcement proceedings.

One of two exceptions would be if the parties had specified New York as the venue for enforcement, but the parties' contract is completely silent on the matter of the venue for

enforcement of any award. Cf. NG's cited <u>D.H.Blair v Gottdiener</u> (2006) 462 F3d 95, 100 (emphasis added):

> These Agreements contained a forum-selection clause explicitly stating that the Investors "<u>consent to the jurisdiction of the state and federal courts in the City of New York</u> for the purpose of . . . <u>enforcing</u> any award of arbitrators."

The second exception, a venue "gap", is not present here either: The unanimous <u>Cortez</u>, at 198, also makes clear that if the parties' contract is silent on the matter of the venue for enforcement of any award, then, unless there is a venue "gap" *(rarely occurring, but if so, then typically involving a <u>foreign</u> party in an international arbitration under FAA Chapters 2 and 3, not relevant in the present case – reference NG's cited cases\*)*:

1. venue for enforcement of an award is determined under the federal general venue provisions or where the award was made

   *("The precise issue raised in the District Court was whether venue for Cortez Byrd's motion under §§10 and 11 was properly laid in the southern district of Mississippi, **within which the contract was performed**. It was clearly proper under **the general venue statute**, which provides, among other things, **for venue in a diversity action in "a judicial district in which <u>a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated." 28 U. S. C. §1391(a)(2). If §§10 and 11 are permissive [as <u>Cortez</u>, went on to hold] and thus supplement, but do not supplant, the general provision, Cortez Byrd's motion to confirm or modify was properly filed in Mississippii...[or in Alabama where the arbitration was heard and the award made]*, <u>Cortez</u>, *at 198, emphasis added"),* and

2. in an arbitration enforcement proceeding the place of performance for venue purposes is that for performance of the underlying contract – not that of the arbitration

   *(NG's lower court, and generally unreported, case citations otherwise, allowing for venue solely based on where the arbitration hearing was held, either antedate or neglect the 2000 Supreme Court <u>Cortez</u> case to the contrary, e.g., NG's 2001 unreported <u>Crow Construction</u> case; and again those citations often either involve "fallback" solutions to a venue "gap", or are themselves grounded on cases premised on the need to fill a venue gap not present here; in addition, several of NG's citations are to non-arbitration cases or admiralty-specific cases not germane to the present arbitration-enforcement special procedures).*

  * See, e.g., <u>Marbueno Compania Naviera V. Cayman Caribbean</u>, not reported in F.Supp., 1984 WL 1112 (S.D.N.Y.), 1984 A.M.C. 1849, replete with references to "fallback" provisions necessitated by foreign party circumstances; <u>Intercarbon Bermuda, Ltd.</u> (1993) 146 F.R.D. 64, 67, where Section 12 provides no method of service for foreign parties not resident in any district of the United States, the proper "fallback" provision for service of process is Fed.R.Civ.P. 4.

Furthermore, it is noted that PPGI's current motion, at paragraph 11 of its moving papers, emphasized that this arbitration was both predominantly heard in California and the award made in California. Specifically, the moving papers herein recited:

> 11. By contrast, under the federal general venue statute, 28 USC 1391(a), venue is proper in California because PPGI is a resident of the Central District of California, and because the underlying contract at issue was to be performed there, and the claim arose there. And, under 9 USC 10(a)'s venue provision, venue in California is independently proper because the award was expressly "made" in Los Angeles, CA.**
>
> ** "made in California", as indicated by the arbitrator immediately preceding his signature on both the interim and final arbitration awards [at Declaration of Matthew Solum, Esq. in NGCA's petition to confirm, Exhibits C and E]
>
> It is also noted that while the parties' arbitration clause called for arbitration in New York, only the testimonial arbitration hearing was held in New York. All other 8 hearings (including 2 hearings after the testimonial arbitration hearing) were held by the California arbitrator in California, and were attended telephonically by PPGI's California counsel and NGCA's Chicago and New York counsel (and sometimes by NGCA's Washington, DC counsel). Declaration of John F.L. Hebb, Esq.

NG's opposition did not dispute this description of a fundamentally California-conducted arbitration, by a California arbitrator, resulting in both the interim and final awards being expressly made in California: 7 of the 8 arbitration hearings were held in California. Thus, contrary to NG's arguments based on cases with inapposite fact scenarios, there is nothing fortuitous, serendipitous or unpredictable about the California venue.

## Overview II:

## FAA:: Distinction between Vacating an Award and Confirming an Award

Under the FAA, as in logic and in common sense, the difference between a petition to confirm an award and a petition to vacate is night and day.

Confirming an award is a perfunctory process, involving no witnesses, and no documents beyond the barebones itemization in section 13:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
>
> a. The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> b. The award.
> c. Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

Vacating an award, on the other hand, necessarily involves far more documentation, and the prospect of deposition and even live testimony. In contrast to the itemization of the elementary documents necessary to confirm an award, FAA sections 10, 12 and 13 make no specification as to what documents are to be filed in a motion to vacate an award – for the apparent reason that a motion to vacate is the antithesis of perfunctory, and each case will be peculiar to itself requiring full documentation, preparation and analysis by the court, by counsel and, especially where arbitrator bias is alleged, by witnesses, and including deposition or in-court testimony.

The ramifications of this vast difference in process are applied in more detail below, but one point is immediately salient in this overview: "Convenience" is not a factor in any necessarily perfunctory proceeding to confirm; but it is a key factor in any proceeding to vacate, and especially so where arbitrator bias is alleged, as it is in PPGI's California Central District motion to vacate.

This salient point all the more pertains where the party moving to vacate stipulates, as

1  PPGI has done, that if its motion to vacate fails, then it will not oppose the pending motion to
2  confirm – as it would be pointless to oppose the routine perfunctory processing of a confirmation
3  proceeding. The FAA statutory scheme reinforces this analysis, and the greater precedence and
4  weight properly given to a motion to vacate compared to a motion to confirm: the former must be
5  commenced within only three months, while the latter has a full year for commencement and
6  must, perfunctorily, be granted if there is no motion to vacate granted or pending within the first
7  three months after the arbitration award.

8  Thus, given PPGI's stipulation to an already perfunctory confirmation process, a stay of
9  the New York petition to confirm can involve no inconvenience to any party, nor, for that matter,
10 would a simple transfer to the California venue of the more weighty and intricate motion to vacate
11 involve any inconvenience to any party or witness. <u>The converse</u>, however, namely requiring
12 PPGI to proceed on its motion to vacate in a party-distant and witness-distant New York forum,
13 having no relation with the underlying contract other than its now completed function as a
14 compromise venue for a testimonial portion of an arbitration hearing when that hearing involved
15 witnesses from China that are no longer required, <u>would entail an obvious and serious</u>
16 <u>inconvenience</u> *(reference, again, <u>Cortez</u>'s analysis of convenience and inconvenience in the*
17 *subsequent, and fully separate, award-enforcement phase of an arbitration;* <u>Cortez</u>, *at 200 and*
18 *201.).*

19 Skipping ahead, and anticipating NG's argument against deposing or subpoenaing the
20 conflicted, less-than-fully-disclosing California arbitrator, can anyone doubt that if the
21 enforcement proceedings were held in New York NG's very first and most vigorous point would
22 be that it was *grossly inconvenient*, and costly, and impractical, to even consider bringing the
23 arbitrator across the country? For this reason alone, California is the more convenient forum
24 should New York not first off be deemed an improper forum under <u>Cortez</u> and the federal general
25 venue provisions.

26
27
28

### Lack of Subject Matter Jurisdiction [FRCP 12(b)(1)]

NGCA's petition to confirm did not cite any basis for this Court's subject matter jurisdiction, but its Civil Cover Sheet incorrectly cited federal question jurisdiction. Its opposition illustrates that it may seek to amend its petition to cite diversity jurisdiction.

### Lack of Personal Jurisdiction [FRCP 12(b)(2)]

This Court lacks personal jurisdiction as well under FRCP 12(b)(2), as PPGI is a California corporation, with its principal place of business in California, and doing no business in New York. Declaration of John F.L. Hebb, Esq. Declaration of John F.L. Hebb, Esq.; and reference the Declaration of Matthew Solum, Esq. in NGCA's petition to confirm, and that Declaration's Exhibits A, C, D, E, and F (particularly paragraphs 2 and 3 thereof).

NG's arguments concerning cases finding jurisdiction to compel or stay arbitration are not germane to post-award enforcement procedures; see Cortez quotes, supra and infra. And despite NG's assertions, PPGI never initiated any action in New York. PPGI responded to NG's initial court attempt to avoid arbitration, but that NG action was dismissed after NG's responded to PPGI's arbitration claim, and no court retained or had any occasion to retain any jurisdiction of anything concerning this arbitration.

NG's opposition argument that a mere choice of law provision is equivalent to consent to personal jurisdiction is unfounded. See, e.g., Consulting Engineers v Geometric Ltd. (2009) 561 F3d 273, fn. 11 (emphasis and bracketed comment added):

> 11. We note ... that a valid forum selection clause, **unlike a choice of law clause**, may act as a waiver to objections to personal jurisdiction. Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315-16, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) ("[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court[.]"); D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir.2006) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements."). **Here, NDA I contained no forum selection clause.** *[Similarly, the present PPGI-NG agreement at issue contains no forum selection clause.]*

See also, Cortez (quoted in more detail supra):

> **The parties may be willing to arbitrate in an inconvenient forum**, say, for the convenience of the arbitrators, or to get a panel with special knowledge or experience, or as part of some compromise, **but they might well be less willing to pick such a location**

LAW OFFICES OF JOHN F.L. HEBB
SANTA MONICA, CALIFORNIA
310/455-0070

**if any future court proceedings had to be held there**. Flexibility to make such practical choices, then, could well be inhibited by a venue rule mandating the same **inconvenient venue** if someone later sought to vacate or modify the award. Cortez, at 201 (emphasis added).

### Transfer or Dismissal For Improper Venue [FRCP 12(b)(3)]

Venue is improper in New York because, even under the FAA, venue must be established under the federal general venue statute, 28 USC 1391(a) unless the award was made in New York. As indicated in more detail in the "Overview" sections above, NG's opposition did not dispute the description in PPGI's moving papers that the arbitration here at issue was a fundamentally California-conducted arbitration, by a California arbitrator, resulting in both the interim and final awards being expressly made in California.

That venue requirement is not met because neither NGCA *(a Delaware corporation with its principal place of business in Hong Kong, China and in Washington, DC)* nor PPGI is a resident of New York, and because the underlying contract at issue was not to be performed there, and no claim arose there. Declaration of John F.L. Hebb, Esq.; and reference the Declaration of Matthew Solum, Esq. in NGCA's petition to confirm, and that Declaration's Exhibits A, C, D, E, and F (particularly paragraphs 2 and 3 thereof).

By contrast, under the federal general venue statute, 28 USC 1391(a), venue is proper in California because PPGI is a resident of the Central District of California, and because the underlying contract at issue was to be performed there, and the claim arose there. *(NG's current inauthentic opposition assertion that the underlying contract at issue was not to be performed in California, and that the claim did not arise there, is belied by its own earlier position in this case: see, e.g., Exhibit F to the Declaration of Matthew Solum, Esq. in NGCA's present petition to confirm [at paragraph 10 of its 2007 Petition to Stay Arbitration], "Each of PPGI's claims accrued in California.")* And, under 9 USC 10(a)'s venue provision, venue in California is independently proper because both the interim and final awards were expressly "made" in Los Angeles, CA after 7 of the 8 arbitration hearings were conducted in Los Angeles by the California-based arbitrator. See awards submitted with NG's petition: the arbitrator signed and had notarized that he did "certify that, for the purposes of Article 1 of the New York Convention of

LAW OFFICES OF JOHN F.L. HEBB
SANTA MONICA, CALIFORNIA
310/455-0070

1958, on the Recognition and Enforcement of Foreign Arbitral Awards, [both] this Partial Award [and this Final Award were] made in Los Angeles, California, U.S.A."

Therefore the matter should be transferred or dismissed under FRCP 12(b)(3), and as indicated above, PPGI requests transfer to the U.S. District Court for Central California so that it may be consolidated with PPGI's pending petition to vacate that arbitration award [CACD No. CV 07878 (GHK)].

### Transfer For More Convenient Forum [28 USC 1404(a)]

Regardless of any other basis for stay or transfer, the most convenient forum for the contested aspect of the arbitration award at issue (as distinct from the straightforwardness of its being confirmed absent it being vacated) is California.

Judge Pollack long ago succinctly stated the settled exception to the first-in-time preference or plaintiff's preference:

> [P]laintiff invokes the well-settled rule that a plaintiff's choice of forum should be accorded substantial weight by a court balancing the interests for and against a change of venue. But the force of the rule is substantially attenuated where the chosen forum is not the plaintiff's place of residence. See Haeberle v Texas International Airlines, 497 F.Supp. 1294 (E.D.Pa.1980).

New Image, Inc. v The Travelers Indemnity (1981) 536 F.Supp. 58, 59.

> Although a plaintiff's choice of forum should not be lightly disturbed, Shutte v. Armco Steel Corporation, 431 F.2d 22 (3d Cir. 1970), that choice is of lesser weight where the chosen forum is not the plaintiff's place of residence. Newfield v. Nicholson File Company, 210 F.Supp. 796 (E.D.Pa.1962). Although the limited partnership entities which are parties to the lease agreements are described as having their principal place of business here, only one-half of the general partners and very few of the many limited partners reside here. Considering the circumstances which militate strongly in favor of transfer—defendant's corresponding convenience, the presence of witnesses, documents, and the aircraft which are the subject matter of the leases, and the ability to implead a potential third-party defendant in the transferee district—and juxtaposing those considerations with plaintiffs' failure to offer "an important, legally cognizable stake in his choice of the Pennsylvania federal court as the forum for this action,"[10] Biggers v. Borden, Inc., 475 F.Supp. 333, 337 (E.D.Pa.1979), it appears that defendant's motion to transfer this case to the Southern District of Texas should be granted.

Haeberle v. Texas International Airlines, 497 F.Supp. 1294, 1304 (E.D.Pa.1980).

Undisputedly, NGC Network Asia, LLC ["NGCA"] is not a resident of New York, nor is

its principal place of business New York; rather it is a Delaware corporation, with its principal place of business in Hong Kong, China, and in Washington, DC.

Aside from improper venue in New York under the federal general venue statute, 28 USC 1391(a), transfer to the California District Court would be to a more convenient forum under 28 USC 1404(a):

1) PPGI is a resident of that district (and its counsel and the arbitrator as principal witness, with all documentation, are located in that district, which is a financial consideration to plaintiff); no party is a resident of New York.

<u>Cortez</u> comes into play again here:

> The most convenient forum for a defendant is normally the forum of residence, and it would take a very powerful reason ever to suggest that Congress would have meant to eliminate that venue for postarbitration disputes. <u>Cortez</u>, at 200.

(2) The arbitrator is a resident of California and does business there, and heard the great preponderance of the multiple hearings there, and has all the arbitrator's and the arbitration files and records there. See prior and attached Declarations of John F.L. Hebb, Esq., and representative arbitrator correspondence attached thereto.

PPGI's motion to vacate in the California court seeks leave of that court to conduct discovery of the arbitrator and the arbitrator's firm's direct and indirect clients and relationships for purposes of demonstrating failure to fully disclose.

California, then, for discovery purposes, is clearly the more convenient forum.

(3) PPGI's petition to vacate in the California court, quoted in PPGI's moving papers herein, further recites the corpus of supporting papers, exhibits and transcripts of proceedings that are to be submitted or lodged with that court, in addition to the files and records of the California arbitrator and the proceeds of subsequent deposition and other discovery process in California, prior to the hearing on the petition to vacate in the California court. (This Court may take judicial notice of the obvious reality that a petition to vacate involves far more documentation than a

petition to confirm, the latter only requiring the most minimal submission, and that a petition to vacate may require post-arbitration discovery.)

NG misapprehends the witnesses necessary for PPGI's motion to vacate. That witness is the conflicted, not fully–disclosing arbitrator who is based in California, who failed to disclose his firm was representing on an on-going basis an international marquee client who owned 25% of PPGI's opponent in the arbitration, and who later failed to disclose that ownership interest increased to 50% during the pendency of the arbitration. See Exhibit B representative documentation at accompanying Hebb Declaration. AAA staff in Los Angeles (where the AAA arbitration proceeding was initiated in 2007) or New York are unnecesary to the disqualification issue, as the record demonstrates they affirmed the arbitrator over PPGI's objections, and did so expressly declining to give any reasoning for its decision. See Exhibit B.2 to Hebb Declaration. Thus, aside from the truth and fullness of the arbitrator's disclosures and relationship with one of the arbitration parties, the issues are matters of law.

NG misapprehends the law applicable to PPGI's motion to vacate; PPGI's motion to vacate is founded solely on the FAA, not New York law, and specifically on FAA sections 10 and 12. Thus, all federal districts and circuits are presumed equally proficient in the applicable law.

Convenience of parties: No party is from or in New York. PPGI is in California, PPGI's counsel is in California, the key witness arbitrator O'Brien is in California, and the relevant necessary documents are in California. Thus, in terms of financial expense and logistical and time efficiency to the parties, California is the most convenient forum.

The only arguable and very marginal convenience to anyone in a New York forum would be to NG's attorneys in this matter. However, even then, the court may take judicial notice that NG's attorneys have a fully-staffed Los Angeles office approximately 6 blocks from the California Central District Courthouse in question. *kirkland.com; mapquest.com.*

## CONCLUSION

Under the circumstances set forth in the present motion, PPGI respectfully requests that in the interests of justice, and of judicial and other economies, NG's petition to confirm the arbitration award be transferred to the U.S. District Court For Central California, for consolidation with the necessary preliminary PPGI's motion to vacate the arbitration award there pending; be stayed pending final resolution of the motion to vacate pending in the U.S. District Court For Central California; or be dismissed.

DATED: 11/30/09          LAW OFFICES OF JOHN F. L. HEBB


By:_____
JOHN F. L. HEBB, Esq.
Attorney for PPGI