UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NGC NETWORK ASIA, LLC,<br><br>            Petitioner,<br><br>vs.<br><br>PAC PACIFIC GROUP INTERNATIONAL, INC.,<br><br>            Respondent. | Case No.  09 CIV 8684 (PGG) (DCF)<br><br>ECF Case |

## PETITIONER NGC NETWORK ASIA LLC'S SURREPLY IN OPPOSITION TO RESPONDENT PAC PACIFIC GROUP INTERNATIONAL, INC.'S MOTION TO DISMISS, TRANSFER OR STAY

Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460

*Counsel for Petitioner*
*NGC Network Asia LLC*

Pursuant to Your Honor's November 9, 2009 Order (Docket No. 18), Petitioner NGC Network Asia, LLC ("NGC Network Asia") submits this surreply to address the new argument regarding jurisdiction and venue that Respondent Pac Pacific Group International, Inc. ("PPGI") first raised in its November 30, 2009 Reply Brief (the "Reply Brief"). Because the parties have stipulated to the sufficiency of service of process as described in NGC Network Asia's letter to the Court submitted contemporaneously herewith, NGC Network Asia submits no further briefing on that subject.

## ARGUMENT

I. **THE COURT HAS JURISDICTION OVER THE PARTIES AND VENUE IS APPROPRIATE**

In its reply, PPGI cited caselaw for the first time, including *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000), and argued that its consent to arbitrate in New York was not also an agreement to submit to personal jurisdiction for the purposes of any motion practice in connection with that arbitration. PPGI's newfound argument is without merit. A party that agrees to arbitrate within a jurisdiction consents to jurisdiction and venue in the courts of that jurisdiction. *Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir. 1996) (citation omitted). Here, the parties' contract provided that "[i]n the event of a dispute [concerning the contract] such a dispute will be resolved by arbitration in New York, New York," and in the words of the arbitrator, "[t]he Arbitration Hearing commenced in New York, New York on March 30, 2009, and in-person testimony and argument took place over a four-day period." (*See* Declaration of Matthew Solum, Esq. ("Solum Decl.") at Ex. C ("Partial Award of the Arbitrator"), NGC Network Asia Motion to Confirm Arbitral Award, filed October 13, 2009 (Docket No. 4) at 5 and Solum Decl. at Ex. D ("Memorandum of Understanding"), at NG 00083.) No more is required for venue or personal jurisdiction.

1

As set forth in the dictum from *Cortez Byrd Chips*, which is quoted in PPGI's Reply, it is possible that venue and jurisdiction might also simultaneously exist in jurisdictions other than the one where the parties agreed to arbitrate. (Reply Brief, at 5-7 (*citing Cortez Byrd Chips,* 529 U.S. at 193 (2000)).) Nothing in *Cortez Byrd Chips*, however, rejected the Second Circuit's long-standing rule that one of the places where jurisdiction and venue is appropriate will always be the district where the parties have agreed to arbitrate. Indeed, every decision within this Circuit to consider the issue since *Cortez* has upheld the continued viability of this rule. *See, e.g., Credit Suisse Securities (USA) LLC v. Ebling,* No. 06 Civ. 11339. 2006 WL 3457693, at *2 (S.D.N.Y. Nov. 27, 2006) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.") (citation omitted); *National Union Fire Ins. Co. of Pittsburgh, PA v. Younger Bros., Inc.,* No. 00 Civ. 3277. 2001 WL 669042, *3 n.4 (S.D.N.Y. June 13, 2001) (same); *see also Novorossiysk Shipping Co. v. China Pac. Prop. Ins. Co., Ltd.,* No. 06 Civ. 2312, 2006 WL 3055964, at *1 (S.D.N.Y. April 17, 2006) (where party agreed to arbitrate in New York they also agreed to the jurisdiction of New York courts).

## CONCLUSION

For the foregoing reasons and those set forth in its previous briefing, NGC Network Asia respectfully requests that the Court deny Respondent's Motion to Dismiss, Transfer or Stay in its entirety.

Dated: New York, New York
December 14, 2009

Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460

*Counsel for Petitioner NGC Network Asia, LLC*