UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NGC NETWORK ASIA, LLC,

                              Petitioner,

          - against -

PAC PACIFIC GROUP INTERNATIONAL,
INC.,
                              Respondent.

**ECF CASE**

09 Civ. 8684 (PGG)

**MEMORANDUM OPINION & ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

          Petitioner NGC Network Asia, LLC ("NGC") brings this action seeking

confirmation of an October 1, 2009 arbitration award in the amount of $972,362.09 issued

against Respondent Pac Pacific Group International, Inc. ("PPGI").

          PPGI moves to transfer, stay or dismiss this action.  For the reasons stated below,

PPGI's motion to transfer, stay or dismiss will be DENIED.

## BACKGROUND

          NGC, PPGI, and China Central Television ("CCTV") entered into a

Memorandum of Understanding ("MOU") providing that CCTV would air a National

Geographic program distributed through NGC.  (Oct. 13, 2009 Solum Decl., Ex. C at 1)  The

MOU provides that PPGI, which brokered the deal between NGC and CCTV, would receive a

portion of the advertising revenues generated by the broadcast.  (Id., Ex. C at 1-2)  NGC's

compensation was in the form of air time during the broadcast, which CCTV authorized NGC to

sell.  CCTV also authorized NGC to sell sponsorships for the program.  (Id.)  The participants in

the MOU were not guaranteed revenue; the amount of money the agreement would generate was

dependent entirely on the response of potential advertisers and sponsors.  (Id., Ex. C at 2)  In

September 2001, NGC notified PPGI that the MOU would be terminated effective October 21, 2001, because the arrangement had not generated sufficient revenue.  (Id.)

On March 1, 2007, PPGI filed a "Notice of Intent to Arbitrate/Amended Claim" against NGC with the American Arbitration Association ("AAA").  (Id., Ex. A)  PPGI alleged that NGC did not use commercially reasonable efforts to sell the air time and sponsorships, depriving PPGI of the compensation it was entitled to under the MOU.  (Id., Ex. A at 5-7)  PPGI brought claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, rescission, quantum meruit and unjust enrichment.  (Id., Ex. A at 9-14)

On March 21, 2007, NGC petitioned the Supreme Court for the State of New York, New York County, to stay the arbitration and dismiss PPGI's claims on the grounds that they were time-barred.  (Id., Ex. F)  PPGI removed that action to this court and filed a cross-petition to compel arbitration.  (Id., Exs. G, H)  On July 31, 2007, the Hon. Paul A. Crotty denied NGC's petition to stay the arbitration and granted PPGI's cross-petition to compel arbitration. (Id., Ex. I)

Before the arbitration hearing was held, the parties conducted discovery and engaged in motion practice.  (Id., Ex. C at 5)  The arbitration hearing began on March 30, 2009, in New York, New York, before arbitrator Robert C. O'Brien, and continued over  four days. (Id.)  Both sides were permitted to make opening and closing statements, to submit documents, and to introduce testimony.  (Id., Ex. C at 5-6)

On July 11, 2009, O'Brien denied PPGI's claims and permitted NGC to move for an award of attorney's fees and costs as the prevailing party in the arbitration.  (Id., Ex. C) O'Brien noted that the MOU "provides for an award of attorneys' fees and costs to the prevailing

party in any dispute arising under the MOU." (<u>Id.</u>, Ex. C at 21)  On October 1, 2009, O'Brien issued the final award, granting NGC $972,362.09 in attorneys' fees and costs.  (<u>Id.</u>, Ex. E)

On October 13, 2009, NGC petitioned this Court for confirmation of the arbitration award.  (Dkt. No. 1)

## DISCUSSION

PPGI moves to dismiss NGC's petition for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.  In the alternative, PPGI moves to transfer this action to the United States District Court for the Central District of California, so that it may be consolidated with <u>Pac Pacific Group International, Inc. v. NGC Network Asia, LLC</u>, No. 09 Civ. 7878 (GHK), an action filed on October 28, 2009, in which PPGI seeks an order vacating the arbitration award (the "California Action").[1]  Absent transfer, PPGI seeks a stay of this action, in deference to the California Action.

## I.   THIS COURT HAS SUBJECT MATTER JURISDICTION

Federal courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1); <u>see</u> <u>also</u> <u>Hallingby v. Hallingby</u>, 574 F.3d 51, 56 (2d Cir. 2009).  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).

NGC is incorporated in Delaware and its principal place of business is in Hong Kong.  (Nov. 16, 2009 Solum Decl. ¶ 2)  PPGI is a California corporation with its principal place

---

[1]  On December 17, 2009, the Hon. George H. King entered an order staying the California Action pending this Court's decision on the instant motion.  <u>Pac Pacific Group International, Inc. v. NGC Network Asia, LLC</u>, No. 09 Civ. 7878 (GHK), Order Re Amended Stipulation Regarding Stay of Proceedings (Dkt. No. 8).

of business in California.  (Id. ¶ 3)  NGC's Petition for Confirmation of the Arbitration Award

seeks judgment in the amount of $972,362.09.  Because the parties are citizens of different states

and the amount in controversy exceeds the jurisdictional threshold, this Court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1332.[2]

## II.   THIS COURT HAS PERSONAL JURISDICTION OVER PPGI, AND VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK

"A party who agrees to arbitrate in a particular jurisdiction consents not only to

personal jurisdiction but also to venue of the courts within that jurisdiction."  Doctor's Assocs. v.

Stuart, 85 F.3d 975, 983 (2d Cir. 1996) (citing Farr & Co. v. CIA. Intercontinental De

Navegacion De Cuba, S.A., 243 F.2d 342, 346 (2d Cir. 1957)); see also Scandinavian

Reinsurance Co. Ltd. v. St. Paul Fire & Marine Ins. Co., No. 09 Civ. 9531 (SAS), 2010 WL

653481, at *7 (S.D.N.Y. Feb. 23, 2010) ("[W]hen parties enter into an agreement to arbitrate in a

particular forum, they consent to personal jurisdiction in the courts of that forum."); Credit

Suisse Securities (USA) LLC v. Ebling, No. 06 Civ. 11339 (RCC), 2006 WL 3457693, at *2

(S.D.N.Y. Nov. 27, 2006) (finding that Respondent had consented to personal jurisdiction in

New York and that venue in New York was proper where Respondent agreed to arbitration in

New York); Nat'l Union Fire Ins. Co. v. Younger Bros., No. 00 Civ. 3277 (GEL), 2001 WL

669042, at *3-4 (S.D.N.Y. June 12, 2001) (finding that the court had personal jurisdiction over

---

[2]  PPGI argues that the pleadings do not provide a basis for the exercise of diversity jurisdiction.
(PPGI Br. 3-4; PPGI Reply Br. 10)  "'[T]he actual existence of diversity jurisdiction, ab initio,
does not depend on the complaint's compliance with the[] procedural requirements [of Fed. R.
Civ. P. 8(a)(1), however].'"  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v.
Dupont, 565 F.3d 56, 64 (2d Cir. 2009) (quoting Jacobs v. Patent Enforcement Fund, Inc., 230
F.3d 565, 568 (2d Cir. 2000)).  "[W]hen the record as a whole, as supplemented, establishes the
existence of the requisite diversity of citizenship between the parties, we may simply 'deem the
pleadings amended so as to properly allege diversity jurisdiction.'"  Durant, 565 F.3d at 64
(quoting Canedy v. Liberty Mutual Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997)).  Here, Petitioner
has submitted a declaration affirming the facts necessary to support this Court's exercise of
diversity jurisdiction.  (Nov. 16, 2009 Solum Decl.)

respondent and venue was proper because "consent [to jurisdiction] may be inferred where an arbitration clause stipulates that the proceeding will take place in New York, since 'by agreeing to arbitrate in New York, a party makes himself as amenable to suit as if he were physically present in New York'") (quoting Farr & Co., 243 F.2d at 347).

Here, the parties agreed in the MOU that "[i]n the event of a dispute concerning advertising and/or sponsorship for the Programs . . . such a dispute will be resolved by arbitration in New York, New York. . . ."  (Oct. 13, 2009 Solum Decl., Ex. D ¶ 19)  In signing the MOU, PPGI agreed to arbitrate in New York and thus also consented to personal jurisdiction and venue in this district.  See Doctor's Assocs., 85 F.3d at 983.

In connection with personal jurisdiction and venue, Section 9 of the Federal Arbitration Act (the "FAA") provides that

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (emphasis added).  Because the parties did not specify a court in the MOU (see Oct. 13, 2009 Solum Decl., Ex. D), a petition for confirmation of the award may be made in the district within which the award was "made."  Id.

"[A]n arbitration award is 'made' in the district where the hearing is held, not the place from which the award was written or mailed."  Warnaco, Inc. v. Sincere Garment & Sporting Goods, Mfg., Co., No. 90 Civ. 2854 (RJW), 1990 U.S. Dist. LEXIS 8603, at *6-8 (S.D.N.Y. July 12, 1990) (finding that where an arbitration award was "made" in New York, the

respondent's "participation in the arbitration hearings in New York provides a sufficient basis for the exercise of personal jurisdiction over it"); see also Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc., 804 F.2d 16, 19 (2d Cir. 1986) ("The law states that jurisdiction belongs in the district 'within which such award was made.' 9 U.S.C. § 9 (1982). The Act does not state that jurisdiction belongs where the award was 'written' or 'filed.'").

Here, the arbitration award was "made" in New York, where the arbitration hearings were held.  (Oct. 13, 2009 Solum Decl., Ex. C at 5)  While PPGI suggests that the award was "made" in California, where O'Brien signed and filed his decisions[3] (PPGI Reply Br. 11-12), the Second Circuit has explicitly rejected this reasoning.  Motion Picture Laboratory Technicians Local 780, 804 F.2d at 19 ("Unless the courts recognize a clear rule about laying venue where the arbitration is held, venue would be left simply to the serendipity of the arbitrator's choice of the place where he will sign and mail his decision. The overall Congressional purpose of ensuring uniformity in arbitrations would scarcely be served by such a result.").  Because the arbitration award at issue was "made" in New York, NGC's petition to confirm is properly filed in this district.  See 9 U.S.C. § 9.

PPGI argues, however, that the Supreme Court's decision in Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193 (2000), indicates that "the compromise New York venue for the arbitration's testimonial hearing should have no bearing on these post-arbitration enforcement proceedings."  (PPGI Reply Br. 5-7, 10)  Cortez Byrd Chips presents no

---

[3]  PPGI also cites a line in O'Brien's decisions stating that, "for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this . . . Award was made in Los Angeles, California, USA."  See Oct. 13, 2009 Solum Decl., Exs. C, E.  PPGI does not provide any authority suggesting that this action is subject to the provisions of the New York Convention, however, nor does it address the Second Circuit case law dictating that the award here was "made" in New York.

obstacle to this Court's exercise of personal jurisdiction, nor does it suggest that venue in this district is improper.

In <u>Cortez Byrd Chips</u>, the Supreme Court considered "whether the venue provisions of the Federal Arbitration Act, 9 U.S.C. §§ 9-11, are restrictive, allowing a motion to confirm, vacate, or modify an arbitration award to be brought only in the district in which the award was made, or are permissive, permitting such a motion either where the award was made or in any district proper under the general venue statute." 529 U.S. at 195. The Court concluded that the FAA's venue provisions are "permissive," allowing motions to confirm, vacate, or modify an arbitration award to be brought <u>either</u> where the award was made or in any other district where venue is proper. <u>Id.</u> at 197-204.

The Court's holding in <u>Cortez Byrd Chips</u> does not change the fact that the FAA provides for venue where the arbitration award is made. While the case makes clear that venue may also be proper elsewhere, it does not alter the conclusion – dictated by both Second Circuit law and the FAA – that venue is proper in this District.

## III. TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA IS NOT APPROPRIATE UNDER 28 U.S.C. § 1404(a)

PPGI seeks to have this action transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

"A court performs a two-part inquiry to determine whether transfer is appropriate. First, the court must determine whether the action sought to be transferred is one that 'might have been brought' in the transferee court." <u>In re Collins & Aikman Corp. Sec. Litig.</u>, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006). This aspect of the transfer inquiry is not in dispute here,

because under 28 U.S.C. § 1391(a) – the general venue statute – PPGI could have been sued in the Central District of California.  In the second stage of the two-part transfer inquiry, "the court must evaluate whether transfer is warranted using several factors relating to the convenience of transfer and the interests of justice." Id.  "[T]he party requesting transfer carries the 'burden of making out a strong case for transfer.'" New York Marine & Gen. Ins. Co., 599 F.3d at 114 (quoting Filmline Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)).

### A.   Analysis of the Section 1404(a) Factors Indicates that Transfer to the Central District of California is Not Appropriate

"Among the factors to be considered in determining whether to grant a motion to transfer venue 'are . . . (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006)).  "[C]ourts in this Circuit considering the proper venue for actions under the Federal Arbitration Act [] have generally found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place." Crow Const. Co. v. Jeffrey M. Brown Assocs., Inc. No. 01 Civ. 3839 (AGS), 2001 WL 1006271, at *2 (S.D.N.Y. Aug. 31, 2001).

### 1.   Plaintiff's Choice of Forum

"A plaintiff's choice of forum 'is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer.'" Hershman v. Unumprovident Corp., 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2007) (quoting Royal & Sunalliance

v. British Airways, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001)).  When the plaintiff "files a lawsuit outside of his home forum[, however,] the more such a decision is 'dictated by reasons that the law recognizes as valid, the greater the deference that will be given to' it [and] the more it appears the decision is 'motivated by forum shopping reasons,' the less deference will be accorded to it."  Hershman, 658 F. Supp. 2d at 601 (quoting Iragorri v. United Technologies Corp., 274 F.3d 65, 73 (2d Cir. 2001)).

        NGC – a Delaware corporation with its principal place of business in Hong Kong – filed this action in New York.  PPGI does not suggest that NGC was motivated by "forum shopping reasons," however.  Indeed, given that (1) the MOU provides for arbitration in New York; (2) the arbitration award at issue was "made" in New York; and (3) under such circumstances, Second Circuit law and the FAA clearly provide that New York is an appropriate venue for a petition to confirm, this Court finds that NGC was motivated by "reasons that the law recognizes as valid."  Accordingly, NGC's choice of forum will not be disturbed "unless other factors weigh strongly in favor of transfer."  Hershman, 658 F. Supp. 2d at 601 (internal quotation omitted).

## 2.    Convenience of Witnesses and Location of Relevant Documents

        "The convenience of the forum for witnesses 'is probably considered the single most important factor in the analysis of whether a transfer should be granted.'"  Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (quoting Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 516 (S.D.N.Y. 2004)). "When weighing this factor, courts must consider the materiality, nature,  and quality of each witness, in addition to the mere number of witnesses in each district."  Beatie & Osborn LLP, 431 F. Supp. 2d at 396.

        PPGI suggests that the convenience of the witnesses and the location of relevant documents favor transfer of this action to the Central District of California.  PPGI points out that

the arbitrator, Robert O'Brien – a California resident – is a critical witness, because PPGI is alleging that the arbitration award must be vacated because O'Brien had a conflict of interest: his law firm has represented National Geographic, which owns part of NGC.  (PPGI Br. 5-12)

It is not clear at this stage that O'Brien is an essential witness or that his deposition will even be taken.[4]  PPGI concedes that O'Brien disclosed – even before his selection as arbitrator was confirmed – that his law firm "had a prior and on-going relationship with the parent company of the . . . defendant in the arbitration."  (PPGI Br. 9)  Although PPGI objected to O'Brien's selection, PPGI alleges that the AAA overruled that objection and "affirmed" the selection of O'Brien.  (Id. at 10)  To the extent that O'Brien disclosed the alleged conflict, and the AAA nonetheless "affirmed" his selection, it would seem that AAA personnel here in New York might become witnesses.  This Court need not decide on the present limited record whether a deposition of O'Brien would be appropriate, or whether the AAA personnel involved in affirming his selection may be deposed.  It suffices at present to note that there are potential witnesses in both California and New York.

Assuming arguendo that O'Brien is in possession of relevant documents, and that these documents are located in California, this is "largely a neutral factor in today's world of faxing, scanning, and emailing documents."  Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007).

In sum, convenience of the witnesses and location of documents are both neutral factors.

---

[4]  Courts in this Circuit require a party seeking to depose an arbitrator to "present clear evidence of . . . impropriety" before such a deposition will be permitted.  Andros Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 702 (2d Cir. 1978).  Moreover, the Second Circuit has "'not been quick to set aside the results of an arbitration because of an arbitrator's alleged failure to disclose information.'"  Lucent Techs., Inc. v. Tatung Co., 379 F.3d 24, 28 (2d Cir. 2004) (quoting Andros Compania Maritima, S.A., 579 F.2d at 700).

### 3.    **Convenience of Parties**

PPGI suggests that because it is located in the Central District of California,
transfer to that district is appropriate.  (PPGI Br. 5, Reply Br. 13)  However, "'[i]n a case where
the parties have already agreed to a particular forum, the 'convenience of the parties' weighs
heavily in favor of hearing the case in the designated court.'"  <u>Beatie & Osborn LLP</u>, 431 F.
Supp. 2d at 396 (quoting <u>Falconwood Fin. Corp. v. Griffin</u>, 838 F. Supp. 836, 840 (S.D.N.Y.
1993)).  Here, PPGI entered into an MOU which provides for arbitration in this District.  Under
such circumstances, the fact that PPGI is located in California is "at best . . . neutral, and
certainly does not weigh in favor of transfer."  <u>See</u> <u>Beatie & Osborn LLP</u>, 431 F. Supp. 2d at
396.

### 4.    **Locus of Operative Facts**

"The locus of operative facts in an action brought pursuant to the FAA is the site
where the arbitration took place. . . . The arbitrators' actions are considered to have occurred
where the arbitration was held, even if the arbitrators also acted elsewhere in connection with the
arbitration."  <u>Crow Const. Co.</u>, 2001 WL 1006271, at *3 (citing <u>Motion Picture Laboratory</u>
<u>Technicians Local 780</u>, 804 F.2d at 18).  Here, because the arbitration was held in New York, the
locus of operative facts is New York.

### 5.    **Availability of Process to Compel Attendance of Unwilling Witnesses**

PPGI does not argue that the availability of process to compel attendance of
unwilling witnesses favors a transfer of this action to California, nor has PPGI provided this
Court with affidavits from potential witnesses indicating that they would not voluntarily appear
as witnesses in this matter absent transfer.  Accordingly, this factor does not favor transfer.  <u>See,</u>
<u>e.g.,</u> <u>Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.</u>, No. 09 Civ. 2570 (HB),
2009 WL 1357956, at *2 (S.D.N.Y. May 14,2009 (finding the availability of process factor "at

best neutral" where defendant had "failed to produce any affidavits or other support to indicate that any of its anticipated witnesses are, in fact, unwilling to testify"); <u>Kiss My Face Corp. v. Bunting</u>, No. 02 Civ. 2645 (RCC), 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003) (finding that the availability of process factor "does not weigh in favor of transfer" where defendant "failed to provide the Court with any affidavits from potential witnesses stating that such witnesses would not voluntarily appear absent transfer").[5]

*       *       *       *

In sum, none of the factors considered on a motion to transfer favor transfer of this action to California, and PPGI has not met its burden of "'making out a strong case for transfer.'"  <u>New York Marine & Gen. Ins. Co.</u>, 599 F.3d at 114 (quoting <u>Filmline Prods., Inc.</u>, 865 F.2d at 521 (2d Cir. 1989)).  Accordingly, this Court will not disturb NGC's choice of forum, nor break with the general approach "that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place."  <u>Crow Const. Co.</u>, 2001 WL 1006271, at *2.  The motion to transfer will be denied.

## IV.    <u>PPGI'S MOTION TO STAY WILL BE DENIED</u>

PPGI argues, in the alternative, that this Court should stay this action in deference to the California Action.  PPGI does not cite any legal authority in support of its stay request.

"'Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'"  <u>Motion Picture Laboratory Technicians Local 780</u>, 804 F.2d at 19 (quoting <u>Fort Howard Paper Co. v. William D. Witter, Inc.</u>, 787 F.2d 784, 790 (2d Cir. 1986)).  Here, the New York action is the first-filed action, and

---

[5]  Neither party has addressed the remaining Section 1404(a) factor:  the relative means of the parties.

there are no special circumstances that would justify giving priority to the later-filed California

Action. The motion for a stay will be denied

## CONCLUSION

For the foregoing reasons, PPGI's motion to transfer, stay or dismiss this action is

DENIED. The Clerk of the Court is directed to terminate the motion. (Docket No. 17)

PPGI is directed to submit its opposition to NGC's petition to confirm the

arbitration award by October 15, 2010. Any reply by NGC will be submitted by October 29,

2010.

Dated: New York, New York
       September 17, 2010

SO ORDERED.

Paul G. Gardephe
United States District Judge